Filing # 41037232 E-Filed 05/03/2016 04:37:43 PM

IN THE COUNTY COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

STEPHEN KNUTH,

    Plaintiff,

v.

CREDIT ONE BANK, N.A.,

    Defendant.
_____/

CASE NO:
**Jury Trial Demanded**

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff STEPHEN KNUTH ("Knuth" or "Plaintiff") files suit against CREDIT ONE BANK, N.A. ("CREDIT ONE") and in support alleges:

### NATURE OF ACTION

1. This is an action for injunctive relief and damages not in excess of $5000, exclusive of costs, interest and attorney's fees brought by Plaintiff, Stephen Knuth, (Mr. Knuth), an individual consumer, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA") by CREDIT ONE. Fundamentally, this case is about CREDIT ONE's refusal to respect Mr. Knuth's personal and legal rights in its attempts to collect an alleged debt.

### JURISDICTION

2. Jurisdiction of this Court arises pursuant to Fla. Sm. Cl. R. 7.010(b) and Fla. Stat. § 559.77(1). Venue in this County is proper in that Defendant transacts business here and the conduct complained of occurred here.

## THE PARTIES

3. Plaintiff, Stephen Knuth, is a natural person residing in Duval County, Florida.

4. Defendant, CREDIT ONE, is chartered as a National Bank with its main headquarters located at 585 Pilot Road, Las Vegas, NV 89119, County of Clark.

5. Defendant is a corporate entity responsible for attempting to collect a debt from Plaintiff and transacts business in the State of Florida.

6. Plaintiff had an alleged debt to CREDIT ONE arising out of personal, family, or household purposes.

7. Plaintiff is the regular user and subscriber of the cellular telephone 954-290-6537 and was the recipient of the CREDIT ONE calls.

8. Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

9. Plaintiff is a "consumer" as defined in Florida Statute Section 559.55(2).

10. Plaintiff hired Davis Law Firm to represent him with regard to all debts and claims that his creditors may have had against him, and to seek relief from the overwhelming volume of debt collection calls and letters that Plaintiff was receiving.

## BACKGROUND

11. Plaintiff has a Visa credit card account issued by CREDIT ONE ending in 9242.

12. Beginning in May 2014, Plaintiff began to receive multiple telephone calls to his cell phone (954-290-6537) from CREDIT ONE in an attempt to collect an alleged debt.

13. On May 1, 2014, Mr. Knuth answered one of the CREDIT ONE calls and gave directions to "stop calling" him.

14. Another letter was sent to Mr. Knuth from Credit One, on August 15, 2014 which

also acknowledged the **permanent cease and desist status** on Mr. Knuth's account. The letter stated:

> "Our records reflect that on May 1, 2014, you spoke with our representative, who, pursuant to your request, submitted to have your account placed in a permanent cease and desist status with respect to Collection calls on your account. Within our letter to you, dated June 10, 2014, we advised that, pursuant to your verbal request, your account was placed in a permanent cease and desist status on May 8, 2014. Since May 1, 2014, no further calls have been made to you with regard to collection of your account."

15. In addition, on June 10, 2014, the Mr. Knuth received a letter from Credit One which acknowledged the **permanent cease and desist status** on Mr. Knuth's account. The letter stated:

> "Pursuant to your verbal request, your account was placed in a cease and desist status of collection calls on May 8, 2014. No further telephone calls with regard to collection of your account have been made since that date."

16. Despite his request for the calls to stop, and their acknowledgment of the requests, CREDIT ONE continued to call Plaintiff's cellular phone.

17. After the May 1, 2014 conversation, and the cease and desist letter, CREDIT ONE called Mr. Knuth's cell phone an additional 6 times.

18. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute Section 559.55(1).

19. CREDIT ONE called the Plaintiff using telephone number 877-825-3242.

20. Exhibit "A" displays the times and dates of at least some of the six telephone calls made by CREDIT ONE to Mr. Knuth's cellular telephone between May 1, 2014 and February 10, 2015.

21. CREDIT ONE has called numerous times after February 10, 2015, including in 2016, although Mr. Knuth was not able to document the calls.

22. The phone number 877-825-3242 is a number that does or did belong to CREDIT ONE or its agents.

23. CREDIT ONE attempted to collect a debt from Plaintiff by this campaign of telephone calls.

24. The telephone calls made to Plaintiff's cellular telephone were willfully or knowingly made.

25. The telephone calls made to Plaintiff's cellular telephone were made using an automatic telephone dialing system.

26. The telephone calls made by CREDIT ONE were made using an artificial or prerecorded voice.

27. CREDIT ONE did not have Plaintiff's consent to call his cellular telephone using automatic telephone dialing equipment.

28. The telephone calls made to Plaintiff's cellular telephone were not made for emergency purposes.

29. CREDIT ONE uses automatic telephone dialing system.

30. CREDIT ONE has many similar complaints from consumers across the country to those alleged by Plaintiff in this lawsuit.

31. All conditions precedent to bringing this action have been performed or have been waived.

## COUNT I – VIOLATIONS OF THE TCPA BY CREDIT ONE

32. Mr. Knuth incorporates by reference paragraphs 1 through 31 of this Complaint.

33. CREDIT ONE willfully or knowingly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or used a pre-

recorded or artificial voice to Plaintiff's cellular telephone without Plaintiff consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

34. WHISEFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CREDIT ONE for:

a) Damages; and

b) Such other or further relief as the Court deems equitable, just, or proper.

## COUNT II – VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT

35. Mr. Knuth incorporates by reference paragraphs 1 through 31 of this Complaint.

36. By continuing to contact Mr. Knuth despite having actual knowledge that Mr. Knuth did not consent to be called, by using automatic telephone dialing equipment to call Mr. Knuth's cellular telephone and using an artificial or pre-recorded voice, by calling him a number of times in a short time span, and by communicating with Mr. Knuth in a manner reasonably expected to harass Mr. Knuth, CREDIT ONE engaged in conduct which can reasonably be expected to abuse or harass Plaintiff in violation of Fla. Stat.§ 559.72(7).

37. Each harassing call is a separate violation of the FCCPA and a separate count in this complaint.

38. WHISEFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CREDIT ONE for:

a) Actual and statutory damages;

b) Attorney's fees and costs;

c) A permanent injunction enjoining the Defendant from engaging in the violative practices; and

d) Such other or further relief as the Court deems equitable, just, or proper.

DAVIS LAW FIRM

*s/TODD M. DAVIS*
TODD M. DAVIS, ESQ.
FL BAR NO. 58470
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)
TD@DavisPLLC.com